

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LINWOOD F. EDDLETON, JR.,

    Petitioner,

v.                                                             Civil Action No. **3:13cv834**

HAROLD W. CLARKE,[1]

    Respondent.

## MEMORANDUM OPINION

Linwood F. Eddleton, Jr., a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the County of Henrico, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite sending appropriate *Roseboro*[2] notice with the Motion to Dismiss, Eddleton has not responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

After a bench trial, the Circuit Court found Eddleton guilty of grand larceny, statutory burglary, and possession of a firearm by a violent convicted felon. On August 7, 2006, the Circuit Court entered final judgment with respect to the above convictions and sentenced Eddleton to an active sentence of nine years in prison. *Commonwealth v. Eddleton*, Nos. CR06–146 through –148, at 1–2 (Va. Cir. Ct. Aug. 7, 2006). Eddleton appealed his convictions. On

---

    [1] Respondent notes that the current Director of the Virginia Department of Corrections is Harold W. Clarke.

    [2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

September 10, 2007, the Supreme Court of Virginia refused Eddleton's petition for appeal. *Eddleton v. Commonwealth*, No. 070395, at 1 (Va. Sept. 10, 2007).

On September 9, 2008, Eddleton filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Eddleton v. Dir. of the Dep't of Corr.*, No. 081880 (Va. filed Sept. 9, 2008). On March 19, 2009, the Supreme Court of Virginia denied the petition on the merits. *Eddleton v. Dir. of the Dep't of Corr.*, No. 081880, at 1–3 (Va. Mar. 19, 2009).

On June 4, 2009, Eddleton timely filed a 28 U.S.C. § 2254 petition in this Court ("First § 2254 Petition"). By Memorandum Opinion and Order entered April 25, 2011, the Court granted Eddleton's motion to voluntarily dismiss the action. *Eddleton v. Johnson*, No. 3:09CV352, at 1 (E.D. Va. Apr. 25, 2011).[3]

On December 5, 2013, Eddleton filed the instant § 2254 Petition with this Court.[4] In his § 2254 Petition, Eddleton asserts:

Claim One     "Petitioner was denied the due process of law when the prosecution (1) failed to disclose and did suppress impeachment evidence and (2) knowingly used perjured testimony . . . ." (§ 2254 Pet. 5.)[5]

---

[3] Eddleton filed his motion to voluntarily dismiss the action after Respondent had filed its Motion to Dismiss. Eddleton asked to dismiss the petition because "after consideration of the pleadings and memorandums of law, and due to the fact I have only 2 years left to serve on these [sic] sentence." Notice of Voluntary Dismissal at 1, *Eddleton v. Johnson*, No. 3:09–cv–352, at 1 (E.D. Va. filed Apr. 11, 2011, ECF No. 47). Eddleton's scheduled date of release is April 7, 2014. (Br. Supp. Mot. Dismiss 3 n.3.)

[4] This is the date Eddleton executed his § 2254 Petition. (§ 2254 Pet. 14 (as paginated by the Court's CM/ECF docketing system).) Accordingly, the Court deems this the date Eddleton placed the § 2254 Petition in the prison mailing system and, hence, the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[5] The Court employs the pagination assigned by the CM/ECF docketing system for quotations from and citations to Eddleton's § 2254 Petition.

2

Claim Two     Trial counsel rendered ineffective assistance because he "failed to file a pretrial motion to suppress . . . incriminating statements" and "failed to request [a] pretrial evidentiary hearing . . . ." (*Id.* at 6.)

Claim Three     Trial counsel "failed to consult with petitioner regarding trial strategy, failed to discuss with petitioner any plea option, and failed to purse any plea negotiations . . . ." (*Id.* at 8.)

Claim Four     "Petitioner was denied due process because the prosecution knowingly suppressed impeachment evidence . . . and knowingly used perjured testimony . . . ." (*Id.* at 9.)

## II. ANALYSIS

### A.     Statute of Limitations

Respondent contends that the federal statute of limitations bars Eddleton's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Eddleton's judgment became final on Monday, December 10, 2007, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run on December 11, 2007, and 273 days of the limitation period elapsed before Eddleton filed his state petition for a writ of habeas corpus on September 9, 2008. *See* 28 U.S.C. § 2244(d)(2).

### C. Statutory Tolling

The limitation period remained tolled until the Supreme Court of Virginia dismissed Eddleton's habeas petition on March 19, 2009. Eddleton had 92 days, or until Friday, June 19, 2009, to timely file his § 2254 petition. The limitation period ran for more than three and a half years before he filed the present § 2254 Petition on December 5, 2013. Because the limitation period ran for a total of more than four years before Eddleton filed the instant § 2254 Petition, the statute of limitations bars the § 2254 Petition unless Eddleton demonstrates entitlement to a

belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling.

Eddleton suggests that his § 2254 Petition is timely because his First § 2254 Petition "was timely filed in this court [and] was dismissed without prejudice. And this is merely a refiling of that first petition." (§ 2254 Pet. 13.) While Eddleton filed his First § 2254 Petition on May 27, 2009, that petition fails to impact the statute of limitations analysis. Eddleton's First § 2254 Petition fails to qualify as "'an application for State post-conviction or other collateral review'" within the meaning of the AEDPA. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (quoting 28 U.S.C. § 2244(d)(2)); *see Webb v. Dir., Va. Dep't. of Corr.*, No. 3:11CV792, 2013 WL 394721, at *2 n.5 (E.D. Va. Jan. 31, 2013) (citation omitted). Thus, he lacks entitlement to tolling during the pendency of the First § 2254 Petition. Moreover, neither Eddleton nor the record suggests that his First § 2254 Petition entitles him to equitable tolling or belated commencement of the limitation period.[6] Thus, the statute of limitations bars Eddleton's § 2254 Petition.

---

[6] While not specifically included as an argument for timeliness, Eddleton asserts that the Court waived the statute of limitations in an August 13, 2013 Memorandum Order denying Eddleton's attempts to open his prior habeas, by stating that he "remains free to file his § 2254 petition." (§ 2254 Pet. 12 (internal quotation marks omitted).) The Court's statement only informed Eddleton that he could file a new petition, and by no means assessed timeliness.

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 3) will be GRANTED. Eddleton's petition for relief under 28 U.S.C. § 2254 will be DENIED. The action will be DISMISSED.[7]

An appropriate Final Order shall issue.

Date: 4-30-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Eddleton fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.

6